UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| DALLAS POTTER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 23-028-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| TIMOTHY GERARD, et al., | ) | **MEMORANDUM ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

The plaintiff has filed a motion to remand this matter to state court based on the defendant's failure to remove it within one-year of its commencement pursuant to 28 § 1446(c)(1). The motion will be denied for the reasons that follow.

Plaintiff Dallas Potter and Defendant Timothy Gerard were involved in a motor vehicle accident on I-75 south near Georgetown, Kentucky on April 12, 2018. Gerard was operating a tractor trailer on behalf of Midwest Logistics System, LLC ("Midwest") at the time. On October 3, 2019, Potter filed this action against Gerard, Dayton Freight Lines, Inc. ("Dayton"), and Metropolitan Direct Property and Casualty Insurance Company ("Metlife") in the Scott Circuit Court.[1] Potter alleged that Gerard acted negligently, that Dayton was liable based on the doctrine of *respondeat superior*, and that Metlife was liable to Potter for underinsured motorist benefits.

---

[1] Potter mistakenly believed that Dayton was Gerard's employer. Metlife was Potter's uninsured motorist/underinsured motorist insurance carrier.

- 1 -

Gerard failed to answer or otherwise respond to the Complaint and Potter filed a motion for entry of default judgment. [*See* Record No. 1-3, p. 45] The Scott Circuit Court held a bench trial in which it granted the motion for default judgment and awarded Potter damages in the amount of $2,338,738.69. Gerard subsequently filed a motion to set aside the default judgment, which was granted on June 29, 2022. [Record No. 1-3, pp. 140-46] Gerard filed an Answer to the Complaint approximately one week later. *Id.* at pp. 148-53.

Potter then filed an Amended Complaint on August 19, 2022. Therein, he dropped the claims against Dayton and Metlife and added Cherokee Insurance Company ("Cherokee") as a defendant. He claims that, as the insurer for Midwest, Cherokee violated Kentucky's Unfair Claims Settlement Practices Act by failing to make a good faith attempt to effectuate a fair and reasonable settlement of Potter's claim. Cherokee received service of the Amended Complaint on January 9, 2023, and removed it to this Court on February 3, 2023, based on diversity jurisdiction. *See* 28 U.S.C. § 1332. Potter has filed a motion to remand the matter to state court, arguing that removal was untimely under 28 U.S.C. § 1446(c)(1).

A defendant generally has 30 days to remove a civil action to federal court after receiving a copy of the initial pleading setting forth the claim for relief upon which the action is based. 28 U.S.C. § 1446(b)(1). If the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days of receipt by the defendant of an amended pleading, motion, or other paper from which it may first be ascertained that the case is removable. § 1446(b)(3). There is a one-year limitation on actions removed under § 1446(b)(3) "unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." § 1446(c)(1).

Cherokee contends that the one-year limitation in § 1446(b)(3) does not apply because the case stated by the initial pleading *was* removable. Indeed, the Sixth Circuit has observed that "[i]f Congress had intended to place a one-year limitation of removal on all diversity cases, it surely would have chosen less obscure and counter-intuitive wording to accomplish that purpose. In addition, the policy discussion found within the legislative history provides support for this interpretation." *Brierly v. Alusuisse Flexible Pack., Inc.*, 184 F.3d 527, 534-35 (6th Cir. 1999). Thus, the Sixth Circuit held that the one-year limitation on removal of diversity cases applies only to cases that were not initially removable.

Potter relies on the district court decision in *Sizemore v. Auto-Owners Insurance Company*, 457 F. Supp. 3d 585 (E.D. Ky. 2020), which stands for the proposition that the one-year period for removal under § 1446(c)(1) runs from the filing of the initial complaint. But unlike the instant matter, *Sizemore* involved an initial pleading that was not initially removable. *Id.* at 587-88. The plaintiff did not address the Sixth Circuit's decision in *Brierly* and did not tender a reply to the defendant's response in opposition to remand. Based on Potter's failure to reply or to address the applicable authority, the motion to remand will be denied.

The Court further notes that it has an independent obligation to police its subject matter jurisdiction, even in the absence of a challenge from any party. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006). Cherokee alleges that this Court has subject matter jurisdiction over the case under 28 U.S.C. § 1332, which requires complete diversity of citizenship. While the notice of removal indicates that Cherokee is formed under the laws of Michigan and maintains its principal place of business in Michigan, it lacks any allegations with respect to this defendant's form of business organization. *See V & M Star, LP v. Centimark Corp.*, 596 F.3d 354 (6th Cir. 2010) (discussing citizenship analysis of corporations and LLCs); *Brown v.*

*Farmers Ins. Co.*, 2007 WL 496669, at *2 (E.D. Mich. Feb. 13, 2007) (discussing citizenship analysis of unincorporated reciprocal insurance exchange). Without this information, the Court cannot determine whether complete diversity exists. Accordingly, it is hereby

**ORDERED** as follows:

1. Plaintiff Potter's motion to remand [Record No. 9] is **DENIED**.

2. Defendant Cherokee Insurance Company is directed to **SHOW CAUSE** on or before **Friday, April 7, 2023**, why this matter should not be remanded for lack of subject matter jurisdiction based on the deficiency identified above.

Dated: March 24, 2023.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky